IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM DALE CARTER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ROGER WALKER, et al., )<br>)<br>Defendants. ) | CIVIL NO. 08-cv-574-MJR |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate at the Robinson Correctional Center, brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**

Plaintiff alleges that he was transferred from Taylorville Correctional Center to Centralia Correctional Center in late 2006. Plaintiff further alleges that, shortly after the transfer, he filed a § 1983 suit against the staff at Taylorville. Plaintiff asserts that the United States District Court for the Central District of Illinois, has determined that Plaintiff's § 1983 suit against the Taylorville staff "states a claim for 'retaliation.'"

In the instant action, Plaintiff contends that the retaliation that began at Taylorville is continuing at Centralia. According to Plaintiff, the retaliation consists of: (1) transferring him from Taylorville to Centralia; (2) denying Plaintiff the opportunity to obtain vocational training and denying Plaintiff transfer to a facility where he can obtain vocational training; (3) denying Plaintiff access to his master file; (4) failing to protect Plaintiff from an inmate attack and infection; (5) issuing Plaintiff a false conduct violation, finding him guilty of the violation, and failing to correct the matter on review; (6) denying Plaintiff medical care for head, neck, and back pain; (7) denying Plaintiff medical care for glaucoma; (8) denying Plaintiff access to the mail for his legal materials; and (9) failing to respond to his grievances. In addition to forming the acts of retaliation, the Court liberally construes the complaint as attempting to assert that each action is in an independent violation of Plaintiff's constitutional rights.[1]

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into nine counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation

---

[1] Plaintiff's complaint asserts claims against Dr. Santos, Mike Orr, Mike Phisus, Sena Landreth, B. Toennies, and Melody Ford. The Court notes that these Defendants were not named in the caption of Plaintiff's complaint as required by Rule 10(a) of the Federal Rules of Civil Procedure.

of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against all Defendants for retaliating against him in violation of his constitutional rights.

**COUNT 2:** Against Defendant Walker for transferring Plaintiff from Taylorville to Centralia.

**COUNT 3:** Against Defendants Jackson and Landreth for denying Plaintiff access to his master file.

**COUNT 4:** Against Defendants Brewer, Underwood, Rawlings, and Orr for denying him the opportunity to obtain vocational training and/or transfer to a facility where he could obtain vocational training.

**COUNT 5:** Against "John Doe" Defendants for failing to protect him from being attacked by another inmate; for exposing him to an inmate who suffered from Hepatitis C; and for housing him with an inmate who smoked.

**COUNT 6:** Against Defendants Vititow, Feazil, Rose, Mueller, and Toennies for issuing him a false conduct violation, finding him guilty of the violation, imposing discipline on him for that violation and for failing to correct the matter on administrative review.

**COUNT 7:** Against Defendant Santos for denying Plaintiff adequate medical care for his head, neck, and back pain.

**COUNT 8:** Against Defendants Williams and Phisus for denying Plaintiff adequate medical care for his glaucoma.

**COUNT 9:** Against Defendant Loerba for denying him access to the mail for his legal materials.

**COUNT 10:** Against Defendant Ford for failing to respond to his grievances.

## DISCUSSION

**A. Count 1 (retaliation).**

"A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted). In this case, Plaintiff alleges only that a § 1983 action against staff at

Taylorville was found to state a retaliation claim by the Central District of Illinois. Plaintiff states that the retaliation continues at Centralia. The problem, however, is that here is nothing in the *instant* complaint that details what constitutionally protected activity Plaintiff engaged in at Taylorville that triggered the alleged retaliation (by Taylorville staff or by Centralia staff). In short, Plaintiff fails to allege the act for which he is allegedly being retaliated against. To find that out, the Court - and the Defendants - would have to leave the four-corners of this complaint and go read the complaint Plaintiff filed in the Central District of Illinois. Given that the Defendants would have to hunt for the through another federal courts records to determine which of any number of actions Plaintiff could have engaged in that might be at the root of Plaintiff's retaliation claim, the Court finds that the *instant* complaint does not set forth "a chronology of events from which retaliation may be plausibly inferred." *Id.* Accordingly, Count 1 of the complaint should be dismissed.

Having stripped the retaliation claim from this complaint, the Court now considers whether each of the other Counts states an independent violation of Plaintiff's constitutional rights.

**B. Count 2 (transfer to Centralia).**

"[P]risoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992), *citing Montanye v. Haymes*, 427 U.S. 236 (1976). *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison). Therefore, Count 2 does not state an independent violation of Plaintiff's constitutional rights and should be dismissed.

**C. Count 3 (access to master file).**

The rules of the Illinois Department of Corrections expressly forbid inmates from having access to their master files. 20 Ill. Admin. Code § 107.310(a). Therefore, an allegation that Plaintiff was denied the opportunity to access or view his master file does not state a due process claim because Plaintiff does not have a protected liberty interest in his master file. Consequently, Count 3 of the complaint should be dismissed.

**D. Count 4 (vocational training or transfer).**

Plaintiff does not have a constitutional right to vocational training. *See Garza v. Miller*, 688 F.2d 480 (7th Cir. 1982) (inmate does not have a constitutional right to rehabilitative programs or employment in prison); *see also Madyun v. Thompson*, 657 F.2d 868, 874 (7th Cir. 1981) (inmate does not have constitutional right to vocational or educational training). As noted above, Plaintiff does not have a right to be transferred to a particular prison. *DeTomaso*, 970 F.2d at 212. Therefore, Count 4 of the complaint should be dismissed.

**E. Count 5 (failure to protect).**

Not all prison conditions trigger Eighth Amendment scrutiny -- only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *See Rhodes,* 452 U.S. at 346; *See also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *See McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized

society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires a prison official had a sufficiently culpable state of mind. *See Wilson*, 501 U.S. at 298; *McNeil*, 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson*, 955 F.2d at 22. It is well-settled that mere negligence is not enough. *See, e.g., David v. Cannon*, 474 U.S. 344, 347-48 (1986).

In this case Plaintiff alleges facts, which if true, may violate his Eighth Amendment rights. Specifically, he alleges that he was housed with an inmate known to be violent and an inmate known to be infected with Hepatitis C. Plaintiff further alleges that the inmate did, in fact, attack him.

6

Thus, Plaintiff's complaint states an arguable Eighth Amendment claim. Plaintiff, however, has not identified any specific defendants liable for this alleged violation. Instead, he names only "John Does.".

While it is within the Court's discretion to allow Plaintiff to proceed against unknown defendants, the use of fictitious names is generally frowned upon. *See K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997). However, where a Plaintiff alleges objectively serious constitutional deprivations, he or she should be allowed "a reasonable opportunity to identify unnamed defendants and amend his complaint." *See Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999). Therefore, Count 5 should not be dismissed at this time.

**F. Count 6 (false conduct violation).**

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative

7

segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Count 6 of the complaint should be dismissed.

### G. Count 7 (medical care - head, neck, and back pain).

Plaintiff's complaint states an arguable claim that he has been denied adequate medical care for his head, neck, and back pain. Therefore, Count 7 of the complaint survives threshold review and should not be dismissed at this time.

### H. Count 8 (medical care - glaucoma).

Plaintiff's complaint states an arguable claim that he has been denied adequate medical care for glaucoma. Therefore, Count 8 of the complaint should not be dismissed at this time.

### I. Count 9 (access to mail).

The Court liberally construes Count 9 as attempting to assert an access to the courts claim based on Plaintiff's allegation that he was unable to mail 7 items of legal mail. An inmate, however, has no constitutional "access to the courts" claim unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996). Plaintiff has failed to allege any facts indicating that he suffered actual prejudice to a non-frivolous legal claim from being denied the opportunity to mail his legal items. Therefore, Count 9 of the complaint

should be dismissed.

**J. Count 10 (failing to respond to grievances).**

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Therefore, Count 10 of the complaint should be dismissed.

**K. Preliminary injunction.**

Plaintiff's motion for a preliminary injunction (Doc. 4) is **DENIED** because Plaintiff is no longer confined at Centralia Correctional Center, but is now confined at Robinson Correctional Center.

**K. Severance of claims.**

Rule 18(a) of the Federal Rules of Civil Procedure permits Plaintiff to assert all of his claims against one defendant in one civil action. As such, Plaintiff may properly bring his claims against the "John Does" in Count 5 in the same complaint because - in this count - Plaintiff seeks relief against the same Defendant(s).

Having dismissed the retaliation claim, however, the joinder of Plaintiff's claims against Defendants Santos in Count 7 and Defendants Williams and Phisus in Count 8 the complaint appears to be improper under Rule 20(a)(2) which provides:

> [A]ny right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

9

FED.R.CIV. P. 20(a)(2).

The claims asserted in Counts 7 and 8 do not appear to arise from the same transaction, occurrence, or series of transactions or occurrences as Count 5. The Seventh Circuit recently confirmed that separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). On review of the complaint, the claims against Defendant Santos in Count 7 of the complaint and the claims against Defendants Williams and Phisus are not sufficiently related to the claims against the "John Doe" Defendants in Count 5 so as to allow the Counts to proceed together in one lawsuit.

Plaintiff is **ADVISED** that the Court is inclined to sever Count 7 into a separate case and to sever Count 8 into separate case. If these claims are severed, they would be removed from this case and opened in new cases. New case numbers would be assigned and additional filing fees would be assessed for each new case.

Because the imposition of additional filing fees may impose a financial burden on him, Plaintiff is **FURTHER ADVISED** that he may avoid severance (and the imposition of additional filing fees) by filing a motion to voluntarily dismiss Counts 7 and 8 without prejudice within thirty (30) days of the date of this order. Before filing that motion, plaintiff shall consider whether he could re-file the dismissed claims without running afoul of the applicable 2-year statute of limitations.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Counts 1, 2, 3, 4, 6, 9, and 10 of the complaint are dismissed.

**IT IS FURTHER ORDERED** that the Clerk shall add, as named defendants in this action, Dr. Santos, Mike Orr, Mike Phisus, Sena Landreth, B. Toennies, and Melody Ford.

**IT IS FURTHER ORDERED** that because there are no pending claims against them, Defendants Walker, Roberts, Loerba, Vititow, Feazil, Rose, Jackson, Brewer, Underwood, Rawlings, Mueller, Orr, Landreth, Toennies, and Ford are **DISMISSED** as defendants in this action.

**IT IS FURTHER ORDERED** that Plaintiff's motion for service on Defendants (Doc. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to waive certain state court rules (Doc. 6) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that process shall NOT issue on this complaint to Defendants Santos, Williams, and Phisus. As directed above, Plaintiff has an opportunity to dismiss his claims against these Defendants. If Plaintiff chooses not to voluntarily dismiss these claims, then the Court can direct service of process in the new cases which will be opened.

**IT IS FURTHER ORDERED** that service shall not be made on the "John Doe" Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days

after a transfer or other change in address occurs.

**IT IS SO ORDERED**.

**DATED this 30th day of March, 2009.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**
