# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM DALE CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-574-MJR |
| | ) |
| ROGER WALKER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on Plaintiff's motion to reconsider (Doc. 15) a prior Memorandum and Order (Doc. 12) entered by this Court. Also before the Court is Plaintiff's motion to voluntarily dismiss Counts 7 and 8 of the complaint (Doc. 16).

In the prior Memorandum and Order (Doc. 12) the Court separated Plaintiff's claims into 10 distinct counts. After a thorough review, the Court concluded that Counts 1, 2, 3, 4, 6, 9, and 10 did not survive review under 28 U.S.C. § 1915A and, therefore, these Counts dismissed. The Court further found that while Counts 7 and 8 were not frivolous under § 1915A, these Counts needed to be severed into two separate civil actions. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The remaining count, Count 5, was against "John Doe" Defendants. Accordingly, Plaintiff was advised that service would not be made on these Defendants until Plaintiff had identified them by name on USM-285 forms and in a properly filed amended complaint.

In his motion for reconsideration (Doc. 15), Plaintiff contends that "the Court ruled against the manifest weight of the evidence" and the Court discriminated against him because

"the Court is biased for the I.D.O.C., et al."

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion is filed within 10 days of the entry of judgment, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006). In the instance case, Plaintiff contends that the Court erred as a matter of law and, therefore, the Court will review the instant motion pursuant to Rule 59(e).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993). Upon review of the record, the Court remains persuaded that its rulings were correct.

With regard to Plaintiff's claim that the Court is biased in favor of the I.D.O.C., the Court rejects this claim out of hand. Furthermore, no prejudice can be inferred solely from a ruling favorable to the Defendants in this action. Therefore, the instant motion to reconsider (Doc. 15) is **DENIED**. Plaintiff's motion to voluntarily dismiss Counts 7 and 8 (Doc. 16) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED this 22nd day of April, 2009.**

<u>**s/ Michael J. Reagan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**