# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM DALE CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-574-MJR-DGW |
| | ) |
| ROGER WALKER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on Plaintiff's motion for clarification and addition of defendants (Doc. 32).

In his motion for clarification, Plaintiff claims (once again) that there is some confusion over this Court's Memorandum and Order dated March 30, 2009 (Doc. 12). In that Memorandum and Order, the Court separated Plaintiff's claims into ten distinct counts (Doc. 12). The ten Counts are listed on page 3 of the Memorandum and Order and each count is clearly identified as "**COUNT**" followed by a number.[1] The Court concluded that Counts 1, 2, 3, 4, 6, 9, and 10 did not survive review under 28 U.S.C. § 1915A and, therefore, Counts 1, 2, 3, 4, 6, 9, and 10 were dismissed by the Court. Plaintiff has appealed the dismissal of Counts 1, 2,

---

[1] On page 2 of the Memorandum and Order the Court listed nine *allegations* made by Plaintiff in his complaint. The enumeration of those nine *allegations* does not necessarily correspond to the ten *counts* listed on page 3. Admittedly, the Court erred in stating - on page 2 - that it would divide the complaint into *nine* counts and then dividing and listing *ten* counts on page 3. But it is clear from the Court's Memorandum and Order that there are *ten* counts in this case which are described on page 3 of the Memorandum and Order and discussed on pages 3 through 12 of the original complaint.

3, 4, 6, 9, and 10 to the Seventh Circuit Court of Appeals and remains pending before the appellate court.

In its Memorandum and Order (Doc. 12), this Court further found that Counts 5, 7 and 8 - as identified on page 3 of its prior Memorandum and Order (Doc. 12) - survived review under § 1915A. Although Counts 7 and 8 were not dismissed under § 1915A, however, the Court informed Plaintiff that it intended to sever Counts 7 and 8 into two separate civil actions. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Counts 7 and 8, however, were not severed into new actions because Plaintiff voluntarily dismissed them on April 17, 2009 (Docs 16 and 17).

With regard to Count 5, Plaintiff's motion seeks to identify the "John Doe" Defendants who allegedly failed to protect him from being attacked by another inmate by naming them in the instant motion. While Plaintiff's appeal remain pending before the Seventh Circuit, however, this Court lacks jurisdiction to proceed on Count 5. Furthermore, as stated in the Court's prior Memorandum and Order (Doc. 12), Plaintiff must identify the "John Doe" Defendants by (1) filing a proper amended complaint and (2) by completing USM-285 forms for each of these Defendants.

Accordingly, Plaintiff's motion for clarification and addition of defendants (Doc. 32) are **DENIED**.

**IT IS SO ORDERED**.

**DATED this 17th day of June, 2009.**

                                                **s/ Michael J. Reagan**
                                                **MICHAEL J. REAGAN**
                                                **United States District Judge**